# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| Ashley Chapman, | Civil Action No.: 4:13-cv-00030 |
| Plaintiff, | |
| v. | |
| T-Mobile USA, Inc., | **COMPLAINT** |
| Defendant. | **JURY** |

For this Complaint, the Plaintiff, Ashley Chapman, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. This Court has original jurisdiction over Plaintiff's TCPA claims. Mims v. Arrow Fin. Serv., LLC, 132 S.Ct. 740 (2012).

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

5. The Plaintiff, Ashley Chapman ("Plaintiff"), is an adult individual residing in Sherman, Texas.

6. Defendant T-Mobile USA, Inc. ("T-Mobile"), is a Washington business entity with an address of 12920 S.E. 38th Street, Bellevue, Washington, 98006.

# FACTS

7. On or around November 28 2012, Defendant began contacting Plaintiff using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "Robocalls").

8. Defendant placed Robocalls to Plaintiff's cellular phone as often as three times a day.

9. Each of Defendant's Robocalls requested that Plaintiff stay on the line to speak to a live representative regarding a bill owed to Defendant.

10. On December 4, 2012, Plaintiff spoke with a live representative from Defendant and requested Defendant stop all Robocalls to her cellular phone.

11. Plaintiff made such requests with live representatives again on December 20, 2012 and December 26, 2012.

12. Each time, Defendant replied that there was nothing they could do about the Robocalls until Plaintiff satisfied the bill owed to Defendant.

13. Nonetheless, Defendant continued to place Robocalls to Plaintiff's cellular phone.

**A.**     **Plaintiff Suffered Actual Damages**

14. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

15. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendant contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message on a cellular telephone of 47 U.S.C. § 227(b)(1)(A)(iii).

18. Plaintiff either never provided express consent to Defendant or the Creditor to call her cellular telephone number, or Plaintiff revoked her consent to be contacted by Defendant on her cellular telephone by her repeated demands to cease calling her cellular telephone.

19. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Each of the aforementioned calls made by Defendant constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et. seq*.

21. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages of $500.00 dollars for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Attorney's costs and fees; and

3. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 16, 2013

                                                    Respectfully submitted,

                                                    By */s/ Jody B. Burton*

                                                    Jody B. Burton, Esq.
                                                    Bar No.: 71681
                                                    LEMBERG & ASSOCIATES L.L.C.
                                                    1100 Summer Street, 3rd Floor
                                                    Stamford, CT 06905
                                                    Telephone: (203) 653-2250
                                                    Facsimile: (203) 653-3424
                                                    E-mail: jburton@lemberglaw.com
                                                    Attorneys for Plaintiff